CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 08 2017

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| JODY JOHNSON, | ) | |
| | ) | Civil Action No. 3:16CV00071 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner of Social Security, | ) | By: Hon. Glen E. Conrad |
| | ) | United States District Judge |
| Defendant. | ) | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to establish entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The plaintiff, Jody Leslie Johnson, was born on June 9, 1972, and eventually completed her high school education. Mrs. Johnson also received additional vocational training in data processing. (TR 62). As found by the vocational expert who testified at the administrative hearing, plaintiff has worked as a cashier, home health aide, babysitter, scanner operator, and lubrication servicer. (TR

74). Mrs. Johnson was last employed in 2010, though she had substantial self-employment income in 2011. (TR 53). On August 9, 2012, plaintiff formally filed application for disability insurance benefits and supplemental security income benefits. She alleged that she became disabled for all forms of substantial gainful employment on May 1, 2011 due to cardiomyopathy, back problems, post-traumatic stress disorder, depression, high blood pressure, heart problems, chest pain, high cholesterol, concentration difficulties, sleep apnea, and thyroid problems. (TR 261). She now maintains that she has remained disabled to the present time. As to her application for disability insurance benefits, the record reveals that Mrs. Johnson met the insured status requirements of the Act through the first quarter of 2015, but not thereafter. See gen., 42 U.S.C. §§ 416(i) and 423(a). Consequently, plaintiff is entitled to disability insurance benefits only if she has established that she became disabled for all forms of substantial gainful employment on or before March 31, 2015. See gen., 42 U.S.C. § 423(a).

Mrs. Johnson's applications were denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated March 9, 2015, the Law Judge also determined that Mrs. Johnson is not disabled. The Law Judge found that plaintiff suffers from several severe impairments, including degenerative disc disease; systolic heart failure; obstructive sleep apnea; obesity; and mental disorders "variously diagnosed to include depressive disorder, anxiety disorder, and post-traumatic stress disorder." (TR 24). Because of these impairments, the Law Judge determined that Mrs. Johnson is now limited to the performance of sedentary exertional activities. The Law Judge went on to assess plaintiff's residual functional capacity as follows:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except: ambulation requires the use of a cane; occasional stairs and ramps; no ladders, ramps or scaffolds; frequent balancing; occasional stooping, kneeling, crouching, and crawling. She can perform unskilled work at an SVP 1 or 2 that involves simple routine tasks where the pace of productivity is not dictated by an external source over which she has no control, such as conveyor belts.

(TR 27). Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge found that plaintiff remains capable of performing her past relevant work as a scanner operator, as this job is generally performed in the national economy.[1] (TR 37-38). Given plaintiff's residual functional capacity, and after considering her age, education, and prior work experience, as well as the vocational expert's testimony, the Law Judge also determined that Mrs. Johnson retains the capacity to perform several other sedentary work roles which exist in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that Mrs. Johnson is not disabled, and that she is not entitled to benefits under either federal program. The Law Judge's opinion was adopted as the final decision of the Commissioner by

---

[1] The evidence developed during the earlier administrative proceedings, and Mrs. Johnson's testimony at the evidentiary hearing, establish that plaintiff's prior work as a scanner operator required performance of light exertion. (TR 57-58, 277). Given the Law Judge's finding that Mrs. Johnson is now limited to sedentary exertion, the court concludes that the Commissioner's determination that plaintiff can return to this particular past relevant work role is not supported by substantial evidence. However, the vocational expert at the administrative hearing recognized that the job of scanner operator is not listed in the Dictionary of Occupational Titles, and that the closest job which is listed is that of document preparer, which is generally deemed an unskilled, sedentary work role. (TR 74). Such testimony encouraged the Administrative Law Judge to find that Mrs. Johnson is capable of returning to work as a scanner operator as this job is generally performed. (TR 37-38). However, the court does not believe that the Law Judge's consideration of plaintiff's past work as a scanner operator, or, for that matter, the vocational expert's consideration of this past job, comports with the requirements of Social Security Ruling 96-8P or Social Security Ruling 96-9P, such as to support a finding that plaintiff can now perform the job of scanner operator as it is generally performed in the national economy. Stated differently, the record in this case includes no evidence to support the notion that Mrs. Johnson may now work as a document preparer, DOT No. 249.587-018. Nevertheless, as reflected below, the Administrative Law Judge went on to consider plaintiff's case under Step 5 of the sequential disability analysis, at which he concluded that Mrs. Johnson retains sufficient functional capacity to perform alternate work roles existing in significant number in the national economy. Inasmuch as the court believes that this determination is supported by substantial evidence, the court concludes that the deficiencies in the Law Judge's analysis at Step 4 are without consequence.

the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Johnson has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. Mrs. Johnson suffers from severe degenerative disc disease, heart failure, sleep apnea, and obesity. She also has a history of depressive disorder with anxiety and post-traumatic stress syndrome. As for her emotional problems, while the Law Judge determined that Mrs. Johnson experiences moderate difficulties in her concentration, persistence, and pace, Dr. Faye Romano, a consultative psychologist, determined that plaintiff's emotional symptoms are not so severe as to prevent regular work activity. Mrs. Johnson's cardiologist found that she experiences early heart failure due to non-ischemic cardiomyopathy. However, an echocardiogram on October 4, 2011 revealed only mildly decreased segmental left ventricular systolic function with an ejection fraction of 45% to 50%. While plaintiff has continued to receive regular care for her heart problems, her cardiologist has not documented any worsening of her condition, despite plaintiff's occasional presentation with cardiovascular

4

symptoms. In terms of her early heart failure, the medical record does not support a finding of disability for less strenuous forms of activity. As for her sleep apnea, Mrs. Johnson has undergone diagnostic work-ups, and it has been determined that she requires use of a CPAP machine, though her compliance with this protocol has been uneven. There is no indication that her sleep disorder affects her capacity for sedentary work activity for which she is otherwise physically capable.

Based on the medical reports, as well as plaintiff's testimony, it would appear that Mrs. Johnson's back problems produce her most significant work-related physical limitations. Mrs. Johnson has suffered from low back problems for many years. She attributes the onset of her back difficulties to a work-related injury. She now uses a cane for ambulation. In December of 2011, a nurse practitioner reported that plaintiff was suffering from increasing back pain. The nurse practitioner opined that Mrs. Johnson is unable to work. (TR 574). In 2012, plaintiff underwent a lumbar spine MRI which showed severe bi-lateral foraminal stenosis at the L5-S1 level. (TR 563). More recently, she has complained of radiation into her lower extremities. A physical examination in June of 2013 revealed limited lumbar range of motion, positive straight leg raise, and tenderness to palpation. In September of 2013, she was assessed with chronic low back pain, degenerative disc disease, spondylolysis, stenosis, and right L5 radiculopathy. Nevertheless, her doctors have not recommended invasive measures, opting instead for conservative treatment. No medical doctor has suggested that Mrs. Johnson's musculoskeletal problems are disabling in overall impact. In assessing plaintiff's musculoskeletal and cardiovascular problems, the Administrative Law Judge relied on reports from state agency physicians who considered Mrs. Johnson to be capable of performing lighter forms of work, despite her documented physical problems.

In short, given the medical record in this case, the court must conclude that there is substantial evidence to support the Law Judge's finding that Mrs. Johnson retains sufficient functional capacity for sedentary levels of physical exertion. Moreover, given Dr. Romano's psychological study, the court believes that the record supports the finding that plaintiff's depressive disorder, and associated anxiety and stress disorder, are not so severe as to prevent performance of the sedentary work roles for which she is otherwise physically capable. It follows that the final decision of the Commissioner in this case must be affirmed.

On appeal to this court, plaintiff makes two arguments in support of her motion for summary judgment, or remand for additional consideration. Plaintiff contends that the Commissioner erred in finding residual functional capacity for past relevant work. The court agrees, if for no other reason than the Law Judge's finding of residual functional capacity for no more than sedentary exertional activity. As set forth above, the court believes that there is no evidence to support the Law Judge's finding that Mrs. Johnson is now capable of performing her prior job as scanner operator, either as actually performed or as generally performed in the national economy. However, the court must conclude that the record supports the notion that plaintiff remains capable of performing sedentary work roles, as identified by the vocational expert, which exist in significant number in the national economy.

Plaintiff's second argument on appeal presents a closer question. As reflected above, the Administrative Law Judge specifically found that plaintiff's emotional difficulties result in moderate limitations in concentration, persistence, and pace. (TR 26). Yet, in formulating his findings as to plaintiff's residual functional capacity, the Law Judge did not include such deficiencies in concentration, persistence, and pace. Neither did the Law Judge include such limitations in

6

concentration, persistence, or pace in the hypothetical questions propounded to the vocational expert at the administrative hearing. Citing a variety of decisions, most notably that of the United States Court of Appeals for the Fourth Circuit in Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), plaintiff argues that the Law Judge's finding of a limitation to simple, unskilled work does not necessarily imply, or take into account, moderate limitations in concentration, persistence, or pace.

This court has consistently ruled that a Law Judge's finding of limitation to simple, unskilled work simply does not take into account a claimant's moderate limitations in her ability to concentrate, work regularly, and stay on task. See, e.g., Sexton v. Colvin, 21 F.Supp.3d 639, 642-43 (W.D.Va. 2014). Stated differently, the court believes that, in such circumstances, the Commissioner fails to carry the burden in going forward with the evidence as to the existence of other jobs a claimant might be expected to perform, given a comprehensive consideration of all of the claimant's impairments. See Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989). However, in the instant case, the court believes that the Law Judge properly relied on the psychological study of Dr. Romano, as well as those of the state agency psychologists, in finding that Mrs. Johnson can perform unskilled, sedentary work despite her difficulties in concentration, persistence, or pace. Citing Dr. Romano's consultative evaluation, the state agency psychologists found that Mrs. Johnson could still do some forms of work, despite the existence of moderate limitations caused by her emotional problems. (TR 93-106, 128-144). In assessing the vocational impact of plaintiff's emotional dysfunction, the Law Judge also explicitly relied in substantial measure on the psychological report of Dr. Romano. (TR 37). Following conduct of a clinical evaluation, Dr. Romano observed as follows:

> Based upon the results of this evaluation, it appears that the Claimant is capable of performing simple and repetitive tasks and would not have difficulty completing

7

> some detailed and complex tasks under supervision. The Claimant does not appear to be compromised as a function of her current psycho-emotional functioning. Her ability to maintain regular attendance in the workplace, perform work activities on a consistent basis, and complete a normal workday or work week without interruption appears relatively unimpaired in regards to her psycho-emotional functioning. Her ability to accept instruction from supervisors, interact with coworkers and the public, as well as; coping with routine stressors encountered in competitive work do not appear to be impaired. She is not currently receiving psychotropic medication. It does not appear that the Claimant would require assistance to adequately manage her own funds. Given these findings, the Claimant's complaint of functional impairment appears inconsistent at this time.

(TR 647).

In short, the court believes that there is substantial evidence to support the ultimate conclusion that plaintiff's degree of impairment in terms of her concentration, persistence, and pace is not so severe as to prevent performance of the simple and repetitive work roles for which she is otherwise physically capable. Stated differently, the court does not believe that the rationale of Mascio applies in this case, given the medical evidence considered by the Administrative Law Judge.

In affirming the final decision of the Commissioner, the court does not suggest that Mrs. Johnson is free of all pain, discomfort, and emotional symptomatology. Indeed, the medical record confirms that plaintiff suffers from definite musculoskeletal problems, as well as worrisome cardiovascular symptoms and emotional dysfunction. However, it must again be noted that plaintiff's physicians deem her problems to be subject to control through conservative treatment measures. No medical doctor has suggested that Mrs. Johnson is totally disabled. It must be recognized that the inability to do work without any subjective discomfort does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). It appears to the court that the Administrative Law Judge considered all of the subjective factors reasonably supported

by the medical record in adjudicating plaintiff's claims for benefits. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 8th day of August, 2017.

/s/ Glen Conrad
United States District Judge